UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CODY MICHAEL ROBERTS,

      Plaintiff,

v.              Case No. 17-cv-1122-pp

DR. THOMAS W. GROSSMAN,
NANCY GARCIA, and
DONNA NELSON,

      Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND DISMISSING CASE**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, alleging that the defendants violated his Eighth Amendment rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, screens the complaint and dismisses the case.

### I. THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On August 16, 2017, Magistrate Judge William Duffin waived the initial partial filing fee in this case because the plaintiff neither had the assets nor the means to pay it. Dkt. No. 5. Judge Duffin told the plaintiff that although he did not have to pay an *initial* partial filing fee, he still had to pay the civil case filing fee in full; in light of that, he gave the plaintiff a deadline of September 7, 2017

to notify the court if he sought to voluntarily dismiss the case to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g). Id. at 2-3. Judge Duffin warned the plaintiff that if he did not voluntarily dismiss by September 7, 2017, the court would grant the motion to proceed without prepayment of the filing fee and would screen the complaint. Id. at 4.

The plaintiff did not voluntarily dismiss the case. The court will grant his motion to proceed without prepayment of the filing fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**II. SCREENING OF THE PLAINTIFF'S COMPLAINT**

    A.    <u>Standard for Screening Complaints</u>

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555

(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

  B. <u>Facts Alleged in the Complaint</u>

The plaintiff is a former inmate at the Waupun Correctional Institution ("WCI"). Dkt. No. 1. Defendant Donna Nelson is Manager of the Health Services Unit ("HSU") at WCI, id. at 2; Nancy Garcia is a doctor at WCI, id. at 3; and Thomas Grossman is a surgeon at the Waupun Memorial Hospital who does

3

contract work with WCI, id.

The plaintiff experienced pain in his fingers due to "hardware" in his right hand that rubbed on his knuckles. Id. Defendant Dr. Garcia (who was the plaintiff's Department of Corrections doctor) referred the plaintiff to defendant Dr. Grossman, with whom the plaintiff first met in December 2016. Id. On December 17, 2016, a request was faxed (the plaintiff does not say by whom) to the Eau Claire Mayo Clinic "for [the plaintiff's] medical record." Id. HSU Manager Nelson did not "ensure" that the plaintiff's medical record was "received and forwarded to the surgeon who operated on [the plaintiff]." Id. at 2. Nor did Nelson allow the plaintiff to see a different surgeon. The plaintiff also says that Dr. Garcia did not "ensure" that his medical record "was received and forwarded to Waupun Memorial, after original surgery she denied the request to see a different surgeon." Id.

The plaintiff alleges that on January 14, 2016, he was taken to Waupun Memorial Hospital, where Grossman operated on the plaintiff's hand without getting the plaintiff's full medical record. Id. at 3. While the plaintiff says this surgery took place on January 14, 2016, the court suspects that it took place on January 14, 2017, given his assertion that the request for his medical records was faxed in December 2016. At any rate, the plaintiff states that he "was" still in pain for a year, because the hardware was still in his hand after the first attempt to remove the plate. Id. at 4. He alleges that, by failing to ensure that Grossman received his prior medical records, the defendants violated his Eighth Amendment rights by showing deliberate indifference to his

4

serious medical need.

C.   Legal Analysis of Alleged Facts

To state a claim for relief under §1983, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

The Eighth Amendment protects an inmate's right to humane conditions of confinement including adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 825-26 (1994). A prison official may be liable if he or she acts with "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. Id. at 834. A prison official is deliberately indifferent when he or she knows of a substantial risk of serious harm, and either acts, or fails to act, in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). Harm is sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Id. Deliberate indifference "is more than negligence and approaches intentional wrongdoing." Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998).

The court will not allow the plaintiff to proceed on a deliberate indifference claim against the defendants. As an initial matter, the plaintiff seems to assume that the Eau Claire Mayo Clinic did not forward his medical

5

records as requested, but he does not explain why he assumed that. Did he ask any of the three defendants if they had received and reviewed his records? Did any of them say to him, "Hey—we never got those records from the Mayo Clinic, but Dr. Grossman went ahead and operated anyway?"

Even if the Mayo Clinic did not forward the plaintiff's medical records, he has not stated an Eighth Amendment claim against the defendants. The Eighth Amendment requires health care professionals to provide inmates with medical care, and imposes liability when they ignore or purposely refuse to provide treatment. The plaintiff's argument as to Nelson and Garcia, both of whom are Department of Corrections medical staff, amounts to a claim that they had a constitutional duty to "ensure" that a different medical facility (Eau Claire Mayo Clinic) forwarded his medical files to Dr. Grossman at the Waupun Memorial Hospital. That was not the defendants' constitutional duty. Their duty was to address his serious medical need. Nelson and Garcia satisfied that duty when they examined the plaintiff and referred him to a specialist.

Nor does the plaintiff allege any facts showing that Dr. Grossman was deliberately indifferent to his serious medical need. Grossman did not refuse to provide treatment or ignore the plaintiff's medical condition. Instead, he met with the plaintiff, appears to have facilitated a request to the Mayo Clinic for the plaintiff's medical record and performed surgery to fix the problem. The plaintiff argues that despite that surgery, he continued to have pain for a year, and he implies that this was Grossman's fault. Even if Grossman performed the surgery without receiving and reviewing the plaintiff's medical records, and

even if that somehow constituted negligence, that would not constitute deliberate indifference. The Seventh Circuit has held that "medical negligence is not enough to prove deliberate indifference." <u>Whiting v. Wexford Health Sources, Inc.</u>, 839 F.3d 658, 662 (7th Cir. 2016) (citations omitted). Neither is proof of medical malpractice. <u>McGee v. Adams</u>, 721 F.3d 474, 481 (7th Cir. 2013). "[W]ithout more, a mistake in professional judgment cannot be deliberate indifference." <u>Whiting</u>, 839 F.3d at 662.

Because the plaintiff has not alleged facts to support a claim of deliberate indifference as to any of the three defendants, the court will dismiss the case for failure to state a claim.

**III. CONCLUSION**

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**. Dkt. No. 2.

The agency having custody of the plaintiff shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court **ORDERS** the Clerk of Court to enter judgment accordingly, and to document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30** days of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge